Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEROY WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>LIFE PROTECT 24/7, INC.; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LEEROY WILLIAMS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LIFE PROTECT 24/7, INC. ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, who are Virginia residents. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of California and Plaintiff resides within the County of Kern.

## PARTIES

4.      Plaintiff, LEEROY WILLIAMS ("Plaintiff"), is a natural person residing in Mojave, California and is a "person" as defined by *47 U.S.C. § 153 (39).*

5.      Defendant, LIFE PROTECT 24/7, INC. ("Defendant LP" OR "LP") is a medical alert systems company, and is a "person" as defined by *47 U.S.C. § 153 (39).*

6.      The above named Defendants, and their subsidiaries and agents, are

1
2
3
4
5
6
7

collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8
9
10
11
12
13

7.       Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

14

**FACTUAL ALLEGATIONS**

15
16
17

8.       Beginning in or around January of 2017, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -3294, in an attempt to solicit Plaintiff to purchase Defendants' services.

18
19

9.       Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

20
21

10.       Defendants contacted or attempted to contact Plaintiff from telephone number (661) 582-4028 confirmed to be Defendants' number.

22
23

11.       Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

24
25
26

12.       Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

27
28

13.       During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an

1   artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. §*
2   *227(b)(1)(A)*.

3       14.    Further, Plaintiff's cellular telephone number ending in -3294 has
4   been on the National Do-Not-Call Registry since at least April 17, 2016.

5       15.    Defendants placed multiple calls soliciting its business to Plaintiff on
6   his cellular telephone ending in -3294 in or around January of 2017.

7       16.    Such calls constitute solicitation calls pursuant to 47 C.F.R. §
8   64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

9       17.    Plaintiff received multiple solicitation calls from Defendants within a
10  12-month period.

11      18.    Defendants continued to call Plaintiff in an attempt to solicit its
12  services and in violation of the National Do-Not-Call provisions of the TCPA.

13      19.    Upon information and belief, and based on Plaintiff's experiences of
14  being called by Defendants after being on the National Do-Not-Call list for several
15  years prior to Defendants' initial call, and at all relevant times, Defendants failed
16  to establish and implement reasonable practices and procedures to effectively
17  prevent telephone solicitations in violation of the regulations prescribed under 47
18  U.S.C. § 227(c)(5).

19  **<u>CLASS ALLEGATIONS</u>**

20      20.    Plaintiff brings this action individually and on behalf of all others
21  similarly situated, as a member the two proposed classes (hereafter, jointly, "The
22  Classes").

23      21.    The class concerning the ATDS claim for no prior express consent
24  (hereafter "The ATDS Class") is defined as follows:

25
26            All persons within the United States who received any
      solicitation/telemarketing telephone calls from
27            Defendants to said person's cellular telephone made
      through the use of any automatic telephone dialing
28            system or an artificial or prerecorded voice and such

person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

22.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

23.     Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

24.     Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

25.     Defendants, including their employees and agents, are excluded from The Classes.  Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this

1   matter should be certified as a Class Action to assist in the expeditious litigation of

2   the matter.

3       26.     The Classes are so numerous that the individual joinder of all of its

4   members is impractical.  While the exact number and identities of The Classes

5   members are unknown to Plaintiff at this time and can only be ascertained through

6   appropriate discovery, Plaintiff is informed and believes and thereon alleges that

7   The Classes includes thousands of members.  Plaintiff alleges that The Classes

8   members may be ascertained by the records maintained by Defendants.

9       27.     Plaintiff and members of The ATDS Class were harmed by the acts of

10  Defendants in at least the following ways: Defendants illegally contacted Plaintiff

11  and ATDS Class members via their cellular telephones thereby causing Plaintiff

12  and ATDS Class members to incur certain charges or reduced telephone time for

13  which Plaintiff and ATDS Class members had previously paid by having to retrieve

14  or administer messages left by Defendants during those illegal calls, and invading

15  the privacy of said Plaintiff and ATDS Class members.

16      28.     Common questions of fact and law exist as to all members of The

17  ATDS Class which predominate over any questions affecting only individual

18  members of The ATDS Class.  These common legal and factual questions, which

19  do not vary between ATDS Class members, and which may be determined without

20  reference to the individual circumstances of any ATDS Class members, include,

21  but are not limited to, the following:

22          a.     Whether, within the four years prior to the filing of this

23                 Complaint, Defendants made any telemarketing/solicitation

24                 call (other than a call made for emergency purposes or made

25                 with the prior express consent of the called party) to a ATDS

26                 Class member using any automatic telephone dialing system or

27                 any artificial or prerecorded voice to any telephone number

28                 assigned to a cellular telephone service;

CLASS ACTION COMPLAINT

b.      Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.      Whether Defendants should be enjoined from engaging in such conduct in the future.

29.     As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

30.     Plaintiff and members of The DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class members were damaged thereby.

31.     Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.      Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

b.      Whether Defendants obtained prior express written consent to

place solicitation calls to Plaintiff or the DNC Class members' telephones;

    c.    Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    d.    Whether Defendants should be enjoined from engaging in such conduct in the future.

32.    As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

33.    Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

34.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

35.    The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such

1    non-party Class members to protect their interests.

2          36.    Defendants have acted or refused to act in respects generally

3    applicable to The Classes, thereby making appropriate final and injunctive relief

4    with regard to the members of the Classes as a whole.

5                        **FIRST CAUSE OF ACTION**

6    **Negligent Violations of the Telephone Consumer Protection Act**

7                     **47 U.S.C. §227(b).**

8                  **On Behalf of the ATDS Class**

9          37.    Plaintiff repeats and incorporates by reference into this cause of action

10    the allegations set forth in the paragraphs above.

11          38.    The foregoing acts and omissions of Defendants constitute numerous

12    and multiple negligent violations of the TCPA, including but not limited to each

13    and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular

14    *47 U.S.C. § 227 (b)(1)(A)*.

15          39.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*,

16    Plaintiff and the Class Members are entitled an award of $500.00 in statutory

17    damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

18          40.    Plaintiff and the ATDS Class members are also entitled to and seek

19    injunctive relief prohibiting such conduct in the future.

20                   **SECOND CAUSE OF ACTION**

21    **Knowing and/or Willful Violations of the Telephone Consumer Protection**

22                           **Act**

23                    **47 U.S.C. §227(b)**

24                  **On Behalf of the ATDS Class**

25          41.    Plaintiff repeats and incorporates by reference into this cause of action

26    the allegations set forth in the paragraphs above.

27          42.    The foregoing acts and omissions of Defendants constitute numerous

28    and multiple knowing and/or willful violations of the TCPA, including but not

1    limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*,
2    and in particular *47 U.S.C. § 227 (b)(1)(A)*.

3         43.    As a result of Defendants' knowing and/or willful violations of *47*
4    *U.S.C. § 227(b)*, Plaintiff  and the ATDS Class members are entitled an award of
5    $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*
6    *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

7         44.    Plaintiff and the Class members are also entitled to and seek injunctive
8    relief prohibiting such conduct in the future.

9    ## THIRD CAUSE OF ACTION

10   **Negligent Violations of the Telephone Consumer Protection Act**

11   **47 U.S.C. §227(c)**

12   **On Behalf of the DNC Class**

13        45.    Plaintiff repeats and incorporates by reference into this cause of action
14   the allegations set forth in the paragraphs above.

15        46.    The foregoing acts and omissions of Defendants constitute numerous
16   and multiple negligent violations of the TCPA, including but not limited to each
17   and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular
18   *47 U.S.C. § 227 (c)(5)*.

19        47.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*,
20   Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory
21   damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

22        48.    Plaintiff and the DNC Class members are also entitled to and seek
23   injunctive relief prohibiting such conduct in the future.

24   ///
25   ///
26   ///
27   ///
28   ///

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

49.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

50.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

51.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff  and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

52.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

///

CLASS ACTION COMPLAINT

1

## SECOND CAUSE OF ACTION

2

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

3

**Act**

4

**47 U.S.C. §227(b)**

5

• As a result of Defendants' willful and/or knowing violations of *47*

6

*U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are

7

entitled to and request treble damages, as provided by statute, up to

8

$1,500, for each and every violation, pursuant to *47 U.S.C.*

9

*§227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

10

• Any and all other relief that the Court deems just and proper.

11

## THIRD CAUSE OF ACTION

12

**Negligent Violations of the Telephone Consumer Protection Act**

13

**47 U.S.C. §227(c)**

14

• As a result of Defendants' negligent violations of *47 U.S.C.*

15

*§227(c)(5),* Plaintiff and the DNC Class members are entitled to and

16

request $500 in statutory damages, for each and every violation,

17

pursuant to *47 U.S.C.  227(c)(5)*.

18

• Any and all other relief that the Court deems just and proper.

19

## FOURTH CAUSE OF ACTION

20

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

21

**Act**

22

**47 U.S.C. §227(c)**

23

• As a result of Defendants' willful and/or knowing violations of *47*

24

*U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled

25

to and request treble damages, as provided by statute, up to $1,500,

26

for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

27

• Any and all other relief that the Court deems just and proper.

28

*///*

CLASS ACTION COMPLAINT

1

## **JURY DEMAND**

2         53.    Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5        Respectfully Submitted this 11th Day of September, 2019.

6

7                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

8                           By:   /s/ Todd M. Friedman

9                                  Todd M. Friedman

10                                 Law Offices of Todd M. Friedman
                              Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT